UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN GARDNER, IV, and<br>DAVID GARDNER,<br>    Plaintiffs/Counter Defendants,<br><br>v.<br><br>JAMES R. LARKIN, individually and as<br>the Managing Member of BluShield<br>Window Systems, LLC, and BLUSHIELD<br>WINDOW SYSTEMS, LLC,<br>    Defendants/Third-Party Plaintiffs/<br>    Counter Claimants,<br><br>v.<br><br>CUSTOM BUILT WINDOWS AND<br>DOORS MANUFACTURING, LLC,<br>CUSTOM BUILT, INC., and<br>JOHN E. GARDNER, III,<br>    Third-Party Defendants. | C.A. No. 19-139JJM |

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, John Gardner, IV, David Gardner, James R. Larkin, individually and as the managing member of BluShield Window Systems, LLC, BluShield Window Systems, LLC, Custom Built Windows and Doors Manufacturing, LLC, Custom Built, Inc., and John E. Gardner, III, (collectively, the "Parties"), following notice and an opportunity to be heard, have consented to the appointment of a Special Master,[1]

IT IS ORDERED THAT:

    **I.   Appointment and No Grounds for Disqualification**

---

[1] At this point, the corporate entities are not represented by counsel and have thus not had notice and the opportunity to be heard through legal counsel. Plaintiffs do not agree that Defendants' pending emergency motion and third-party complaint are properly before the Court, but they do not otherwise object to this Order. Defendants' consent to this Order is without prejudice to arguments they make in their emergency motion or otherwise.

1. **Theodore Orson** is hereby appointed to serve as Special Master in this matter pursuant to Fed. R. Civ. P. 53(a).

2. The Special Master's appointment will become effective upon his filing an affidavit disclosing that there is no ground for disqualification under 28 U.S.C. § 455 pursuant to Fed. R. Civ. P. 53(a)(2) and (b)(3). If there are no grounds for disqualification or if all grounds for disqualification have been waived pursuant to Fed. R. Civ. P. 53(a)(2), the Special Master is directed to proceed with all reasonable diligence to complete the duties assigned by this Order.

3. During the course of this matter, the Special Master and the Parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

## II. Accountability to the Court

4. The Special Master will be accountable only to the Court and will not be supervised by any of the Parties. The Special Master will be independent from the Parties. In the course of his work, the Special Master may consult with the Parties, their counsel and any other person the Special Master deems necessary to perform the scope of his duties.

## III. Limited Scope and Duties of Special Master

5. The purpose of the Special Master is limited.

6. The Special Master shall advise the Court regarding what is in the best interest of the entity parties, Custom Built, Inc,. and Custom Built Windows and Doors Manufacturing, LLC, ("entity parties") at the hearing on June 10, 2019, on Defendants' emergency motion for appointment of temporary receiver *ad litem* and associated preliminary injunctive relief, as

well as on such other issues on which the Court may inquire or regarding which the Special Master may deem appropriate with respect to the interests of the entity parties.

7. Prior to the June 10, 2019, hearing, the Special Master shall consult with the parties regarding the selection of a mediator and shall appoint a mediator, who will conduct an at least initial settlement conference with the attorneys and the Parties, who are ordered to attend unless excused by the mediator. Except as otherwise determined by the mediator, the Court's Alternative Dispute Resolution Plan shall apply to the mediation proceedings.

8. Privileged information presented to the Special Master (including in connection with mediation) shall remain privileged and confidential and shall be disclosed to the Court only upon consent of counsel.

9. Prior to the June 10, 2019, hearing, the Special Master shall arrange for access to the respective books and records of Custom Built, Inc. and Custom Built Windows and Doors Manufacturing, LLC, by their shareholders, members and managers, as required by applicable law and the agreements among the parties.

10. The Special Master shall take such other actions as he deems appropriate to maintain the *status quo* with respect to the matters in issue until the hearing on June 10, 2019.

11. The Special Master shall prepare and file a report on June 3, 2019, in advance of and regarding the issues to be addressed at the June 10, 2019, hearing, and at such other times and regarding such other matters as requested by the Court until discharged. Any Party wishing to respond to or object to the Special Master report filed in advance of the June 10, 2019, hearing, shall do so by June 7, 2019. Any response or objection to any other Special Master report, statement and/or recommendation shall be filed as set forth in Paragraph 12(iii) below.

## IV.     Authority and Term

A.     <u>Authority</u>

12. Pursuant to Fed. R. Civ. P. 53(c), the Special Master may:

    i.    Request documents be produced from a Party to the extent the Special Master deems it necessary to perform the scope of his duties.  The Parties reserve the right to object to the production of documents and/or electronically stored information ("ESI") on privilege or other grounds articulated under Fed. R. Civ. P. 26 and 34.  Objections shall be considered by the Special Master and ruled upon.  Any order on discovery shall be appealable to the Court in accord with Fed. R. Civ. P. 53(f)(2).  Any documents produced shall be produced only to the Special Master.

    ii.    Communicate *ex parte* with the Court or any Party at any time pursuant to Fed. R. Civ. P. 53(b)(2)(B).  Generally, the Special Master shall not communicate *ex parte* with any Party without first providing notice to the other Parties.

    iii.    Except as set forth above, any Party wishing to respond to or object to any Special Master report, statement and/or recommendation must file such response or objection with the Court within 14 days from the day the Special Master files the report, statement and/or recommendation via ECF.  Any opposition shall be filed within 7 days after the objection on the motion is filed.

    iv.    Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a report or recommendation of the Special Master, the Court shall afford the Parties an opportunity to

    present their positions and may adopt or affirm; modify; wholly or partly reject; resubmit to the Special Master with instructions; or make any order it deems appropriate. The standards of review contained in Fed. R. Civ. P. 53(f)(3)-(5) shall apply.

  v. To the extent the Special Master determines that he requires the services of clerical staff, consultants, and experts to assist him in his work, the Special Master shall inform the Parties of the following:

    1) The identity of the person who will provide such services;

    2) The nature of the services; and

    3) The anticipated costs.

     a) Any Party shall have 10 business days to object to the retention of any such services. If neither side objects, the Special Master may retain the services in question.

     b) If a Party objects and the objection cannot be resolved by the Special Master, the objecting Party may present its objection to the Court no later than 10 days after the Special Master has made a final decision on the retention of services.

B. <u>Term</u>

13. The Special Master's Term of service will end when the Court terminates the appointment.

**V. Compensation**

14. The costs of the Special Master shall be borne jointly and severally by Custom Built Windows and Doors Manufacturing LLC, and Custom Built, Inc. and paid from their

operating revenues. The Special Master shall maintain a record of his time serving as Special Master that generally identifies the date of service and a brief narrative description of the services performed.

15. The Special Master shall be compensated at the rate of $425/hour and shall not be permitted to charge for travel time. The Special Master may utilize associates of Orson and Brusini Ltd. at the rate of $300 an hour.

16. The Special Master shall provide monthly invoices to the attorneys for the Parties, who shall advise the entity parties of the obligation to pay such invoices within thirty days.

## VI. Amendments

17. Pursuant to Fed. R. Civ. P. 53(b)(4), this Order may be amended at any time after notice to the Parties and an opportunity to be heard.

## VII. Rights

18. Nothing in this Order shall be construed as abrogating any of the Parties' appellate rights.

So ordered.

ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 17, 2019