UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN GARDNER, IV, and :
DAVID GARDNER, :
    Plaintiffs/Counter Defendants, :
 :
v. : C.A. No. 19-139JJM
 :
JAMES R. LARKIN, individually and as :
the Managing Member of BluShield :
Window Systems, LLC, and BLUSHIELD :
WINDOW SYSTEMS, LLC, :
    Defendants/Third-Party Plaintiffs/ :
    Counter Claimants, :
 :
v. :
 :
CUSTOM BUILT WINDOWS AND :
DOORS MANUFACTURING, LLC, :
CUSTOM BUILT, INC., and :
JOHN E. GARDNER, III, :
    Third-Party Defendants. :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before the Court is Defendant Blushield Window Systems LLC's ("Blushield") motion to dismiss (ECF No. 49) all counts asserted in the First Amended Complaint (ECF No. 6, "FAC") by Plaintiffs John Gardner, IV, ("Johnny Gardner") and David Gardner, as well as Blushield's alternative motion for judgment on the pleadings (ECF No. 63).[1] Both motions have been referred to me for report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons

---

[1] Blushield's codefendant, James Larkin, does not join these motions to dismiss. Instead, he filed counterclaims against Johnny and David Gardner and asserted third-party claims against another member of the Gardner family and the two entities. Blushield initially joined Larkin's counterclaims and third-party complaint but subsequently voluntarily dismissed all such claims. ECF No. 84; Text Order of July 9, 2019. As of this writing, the only claims against Blushield are those challenged by these motions and there are no claims asserted by Blushield. Therefore, if these motions are granted, Blushield is no longer a party in this case.

that follow, I recommend that the first motion be passed as moot and that the second motion (for judgment on the pleadings) be granted.

## I.     BACKGROUND[2]

Johnny and David Gardner are brothers who claim that they signed and entered into a binding "Ownership Agreement" with James Larkin ("Larkin") on August 11, 2017; Larkin drafted the "Ownership Agreement." FAC ¶ 14; ECF No. 6-3 ("Ex. C"). According to the FAC, the "Ownership Agreement" was the basis for the transfer to Larkin of a 50% ownership interest in each of two companies – Custom Built Inc. ("CBI") and Custom Built Window Manufacturing LLC ("CBWM") – then owned by various members of the Gardner family. FAC ¶¶ 8, 15. In consideration, Larkin promised to "take the steps necessary to transfer ownership of [Blushield] to CBWM." Id. ¶ 15. Larkin "is the sole managing member of Blushield." Id. ¶ 4. However, Larkin "refused and continue[d] to refuse to transfer [Blushield] to CBWM." Id. ¶ 20. Larkin is named in the caption as being sued both "individually and as the managing member of Blushield." Id. at 1. The "Ownership Agreement" itself contains no language stating, suggesting or permitting the inference that, when Larkin signed it, he was acting on behalf of Blushield. See Ex. C.

In reliance on these factual allegations of breach of the "Ownership Agreement," Johnny and David Gardner sued Larkin and Blushield. In Count I, they charge that Larkin received CBI stock and a CBWM membership interest yet refused to transfer Blushield to CBWM, which should have been done on August 12, 2017. Because the value of Blushield's stock is uncertain, Count I seeks specific performance from Blushield. In Count III, Plaintiffs allege that they justifiably relied on Larkin's promises concerning Blushield and that Larkin has been unjustly

---

[2] These facts are derived from the FAC and assumed to be true, as required for a motion brought pursuant either to Fed. R. Civ. P. 12(b)(6) or 12(c).

enriched by his receipt of 50% ownership interest in CBI and CBWM while refusing to fulfill his part of the agreement. FAC ¶¶ 30-34. Count IV alleges Larkin owes a fiduciary duty to CBI to fulfill his agreement to transfer Blushield to CBWM; it asks the Court to impose a constructive trust on Blushield's membership interests, intellectual property and profits. Id. ¶¶ 36-37. Lastly, Count V relies on R.I. Gen Laws § 9-1-45 to allege that Larkin and Blushield fail to raise a justiciable issue of law or fact, which entitles Plaintiffs to recover their attorneys' fees. Id. ¶¶ 38-39.

On May 6, 2019, Blushield answered the FAC and, on May 27, 2019, it filed an amended answer. ECF Nos. 17, 41. In both answers, it failed to raise the defense of failure to state a claim. Nevertheless, three days after filing its amended answer, on May 31, 2019, Blushield filed the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, asserting the FAC contains no plausible factual allegations setting forth a viable claim against it. ECF No. 49. When Johnny and David Gardner responded by pointing out that the motion was out of time pursuant to Fed. R. Civ. P. 12(b) because Blushield already answered the FAC, Blushield promptly filed its second dispositive motion, this time in reliance on Fed. R. Civ. P. 12(c). Substantively, the motions are identical – both argue that the FAC lacks plausible facts sufficient to articulate a viable claim against Blushield and that Blushield should be dismissed from the case.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. See Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008); McCloskely v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). Dismissal is proper if

3

– after accepting all facts as true and viewing them in the light most favorable to the movant – the complaint fails to allege a plausible right to relief. Doe v. Brown Univ., 896 F.3d 127, 130 (1st Cir. 2018). Plausibility demands that the factual allegations "be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is gauged by drawing not only on "judicial experience," but also on "common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). That is, the factual allegations, direct and inferential, must meet each material element necessary to sustain recovery under some actionable legal theory. Farm Family Cas. Ins. Co. v. Rivers Paving, Inc., 141 F. Supp. 3d 176, 177 (D.R.I. 2015).

The standard of review for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. See Doe, 896 F.3d at 130. Because of their substantive identicality, whether the court is addressing a Fed. R. Civ. P. 12(b)(6) motion or a Fed. R. Civ. P. 12(c) motion, dismissal is proper if the complaint fails to allege a plausible right to relief. Villeneuve v. Avon Prod., Inc., 919 F.3d 40, 49 (1st Cir. 2019). "Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Patrick v. Rivera-Lopez, 708 F.3d 15, 18 (1st Cir. 2013).

Procedurally, Fed. R. Civ. P. 12 provides that a party must assert every defense to a claim in the responsive pleading, but that a party may assert the defense of failure to state a claim (Fed. R. Civ. P. 12(b)(6)) in a motion filed in lieu of an answer as long as the motion is filed before the answer. Jefferson v. Raimondo, C.A. No. 17-439 WES, 2018 WL 3873233, at *2 n.4 (D.R.I. Aug. 15, 2018). Once the party has answered, it may still challenge the sufficiency of the complaint pursuant to Fed. R. Civ. P. 12(c). Unlike some of the defenses listed in Fed. R. Civ. P. 12(b), the defense of failure to state a claim is not waived by a party's omission of it from the

4

responsive pleading. Fed. R. Civ. P. 12(h)(1)(B)(ii). To the contrary, Fed. R. Civ. P. 12(h)(2) provides that it may be raised in a motion under Fed. R. Civ. P. 12(c) <u>or</u> in the responsive pleading at any time until trial. "Rule[ ] 12(h)(2) . . . prolong[s] the life of certain defenses," and allows parties <u>at trial</u> to raise the defense of failure to state a claim on which relief can be granted. <u>Kontrick v. Ryan</u>, 540 U.S. 443, 459 (2004) ("[A] defense based on . . . 'failure to state a claim upon which relief can be granted,' . . . could be raised, at the latest, 'at the trial on the merits.'"). Put differently, despite the apparent mandate in Fed. R. Civ. P. 12(b) that defenses "must" be in the pleading, it is clear that. "even if [the defense of failure to state a claim is] not interposed in any pleading, [it] may be the subject of a motion under Rule 12(c) for judgment on the pleadings or of a motion to dismiss at trial." 5C Wright & Miller, <u>Federal Practice and Procedure</u> § 1392 (3d ed. 2019); <u>see</u> <u>Hickey v. MetroWest Med. Ctr.</u>, 193 F. App'x 4, *1 (1st Cir. 2006) (failure to state claim not waived if not asserted in answer).

**III.   ANALYSIS**

With Blushield's prompt filing of its Fed. R. Civ. P. 12(c) motion as soon as its error in captioning its post-answer motion as based on Fed. R. Civ. P. 12(b)(6) was brought to its attention, the Court rejects the Gardners' procedural argument that it must deny these motions as untimely. Rule 12 is crystal clear – a party's argument that a claim is insufficient pursuant to <u>Twombly/Iqbal</u> should be considered whether raised in the responsive pleading or in a pre- or post-answer motion. Fed. R. Civ. P. 12(b), (c), (h); <u>see</u> <u>Kontrick</u>, 540 U.S. at 459; <u>Federal Practice and Procedure</u> § 1392. Based on the foregoing, I recommend that the Court pass Blushield's Fed. R. Civ. P. 12(b)(6) motion and reject the Gardners' procedural attack on its Fed. R. Civ. P. 12(c) motion.

Substantively, the FAC asserts two causes of action – breach of contract and unjust enrichment.

The first cause of action, for contractual breach of the "Ownership Agreement," is in Count II. However, the FAC does not purport to join Blushield in Count II, which sues only Larkin for breach of contract. And the related Counts I and V seek only remedies – specific performance and attorneys' fees – that are grounded in the contract claim against Larkin. That is, Count I asks that the Court order Larkin to specifically perform his contractual promise to transfer his ownership interest in Blushield to CBWM. Under Rhode Island law, specific performance is a remedy based on the claim of the wronged party that there is a contract and that the court should order its performance. Greensleeves, Inc. v. Smiley, 942 A.2d 284, 293 n.15 (R.I. 2007) (specific performance is a contract remedy). Essential to the availability of this remedy is the existence of a contract with provisions that are "clear, definite, certain, and complete." Fisher v. Applebaum, 947 A.2d 248, 251-52 (R.I. 2008); see Smart v. Bos. Wire Stitcher Co., 148 A. 803, 806 (R.I. 1930) (specific performance is a remedy that applies when parties have entered into a contract). A specific performance claim is not plausible against a non-party to the contract. See 172 Audubon Corp. v. 1018 Morris Park Ave. Realty, Inc., 3 A.D.3d 451, 452 (N.Y. App. Div. 2004) (non-party to contract of sale is entitled to summary judgment on suit seeking, *inter alia*, specific performance); E. Harlem Dev. P'ship v. E. Harlem Council for Human Servs., Inc., 167 A.D.2d 253, 253-54 (N.Y. App. Div. 1990) (non-party to contract is not proper party to action for specific performance). Relatedly, Count V seeks attorneys' fees "as a result of defendant Larkin's breach of the Agreement." FAC ¶ 39. Confirming that this is a contract-based claim for attorneys' fees, the FAC's prayer for relief cites to a Rhode Island statute – R.I. Gen. Laws § 9-1-45 – that provides for recovery of

6

attorney's fees in a "civil action arising from a breach of contract."  As a matter of law, these contract-based claims do not lie against Blushield, a non-party to the pertinent contract. Accordingly, it is clear that Counts I and V fail to state claims against Blushield; both should be dismissed.

The second substantive cause of action, and the only claim asserted against Blushield, is in Count III, which is based on unjust enrichment.  However, this equitable unjust enrichment claim does not allege that Blushield (as opposed to Larkin) made any promises on which the Gardners relied; it also fails to allege that Blushield received any unjust benefit.  While the Court might generously read the caption into the pleading, permitting the inference that Larkin made the pertinent promises not only individually but also in his capacity as a member of Blushield (although the FAC does not say that),[3] the FAC plainly alleges that the unjust benefit was conferred on Larkin only.  The FAC does not allege that Blushield was enriched.  Under Rhode Island law, "enrichment" is an essential element of the claim of unjust enrichment.  See S. Cty. Post & Beam, Inc. v. McMahon, 116 A.3d 204, 210-11 (R.I. 2015) (unjust enrichment claimant must prove that he or she conferred a benefit upon the party from whom relief is sought, that the recipient appreciated the benefit and that the recipient accepted the benefit).  Therefore, Count III as a claim against Blushield must be dismissed.

The Gardners essentially concede that their claims in Counts I, III and V against Blushield suffer from these fatal deficiencies.  As a result, they ask the Court to focus on Count IV, which alleges that Larkin (as a shareholder in CBI), in breaching the "Ownership

---

[3] Johnny and David Gardner are right in stating that Rhode Island law provides that corporations act only through their officers and agents and are bound by their acts.  See Brimbau v. Ausdale Equip. Rental Corp., 440 A.2d 1292, 1295 (R.I. 1982) (corporation acts only through its officers, agents, and employees, who in turn bind the corporation by the acts they commit or the knowledge they obtain when furthering the business of the corporation).  This principle does not transmute Larkin into Blushield's alter ego; his status as a member of Blushield does not mean every action he takes and every benefit he receives constitute the actions and the benefits of Blushield.

7

Agreement," also breached a fiduciary duty he owed to Johnny and David Gardner. FAC ¶ 36. Based on Larkin's breach, Count IV asks the Court to impose a constructive trust on Blushield's stock and membership interests, profits and intellectual property. Id. ¶ 37. Thus, as with Counts I and V, at least as to Blushield, Count IV does not purport to state a claim – it seeks a remedy. See Umsted v. Umsted, No. 1:03-CV-219-S, 2004 WL 5308782, at *9 n.14 (D.R.I. Nov. 30, 2004) ("A request for imposition of a constructive trust is not a cause of action."), adopted, No. 03-CV-219-S, 2005 WL 5438379 (D.R.I. Feb. 18, 2005), aff'd, 446 F.3d 17 (1st Cir. 2006). Johnny and David Gardner argue that, because Larkin's membership interest in Blushield is the subject of the "Ownership Agreement," as a matter of law, Blushield may – indeed, as an indispensable party, it must – be joined as a party in this case, even though there are no actionable claims against it.

This argument is unavailing. A constructive trust "creates an in personam obligation to convey only, and not an equitable interest in the subject [property]." Matarese v. Calise, 305 A.2d 112, 119 (1973). It is "an equitable remedy which compels one who unfairly holds a property interest to convey that interest to another to whom it justly belongs" – applied to this case, it means Larkin would have to do the conveying. See Umsted, 2004 WL 5308782, at *9 n.14. At bottom, a request for imposition of a constructive trust is not a cause of action. Metalmark Nw., LLC v. Stewart, No. 04-682–KI, 2004 WL 1970146, at *5 (D. Or. Sept. 2, 2004). Accordingly, Count IV asks the Court to issue an *in personam* order to Larkin, who holds the property to be conveyed, and not to Blushield. Further, pursuant to Fed. R. Civ. P. 19, the person who holds the membership interest and was a party to a contract that required him to transfer it (Larkin), and not the entity (Blushield), is the proper and indispensable party. See, e.g., B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 548 (1st Cir. 2006) (party

8

to contract is indispensable party in case seeking specific performance of contract); Wheaton v. Diversified Energy, LLC, 215 F.R.D. 487, 489, 491-92 (E.D. Pa. 2003) (corporation is not essential party to suit brought by its shareholder against another corporation for breach of stock purchase agreement). Like Counts I, III and V, Count IV does not state a plausible claim for relief against Blushield.[4]

## IV. CONCLUSION

Based on the foregoing, I recommend that Blushield's motion to dismiss (ECF No. 49) should be passed as moot, that Blushield's motion for judgment on the pleadings (ECF No. 63) should be granted and that all claims against Blushield should be dismissed. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 13, 2019

---

[4] In what may be seen as a "Hail Mary pass," Johnny and David Gardner toss to the Court their request that, if the Court is inclined to grant Blushield's motion, it should treat the motion as one for a more definite statement under Fed. R. Civ. P. 12(e) and grant it on that basis. See United States v. George, 676 F.3d 249, 251 (1st Cir. 2012) ("A Hail Mary pass in American football is a long forward pass made in desperation at the end of a game, with only a small chance of success."). Fed. R. Civ. P. 12(e) applies to a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." The problem with the FAC's allegations against Blushield is not that they are "vague or ambiguous;" rather, they do not allege plausible causes of action. This request is denied.